JONES, J.,
concurring in part and dissenting in part.
I concur with Part II of the majority’s opinion, but I respectfully dissent from Part III for two reasons. First, the majority’s quotation of State v. Windom at the end of the opinion is susceptible to misinterpretation because it is taken out of context, overly broad, and incomplete. The majority opinion quotes Windom as follows: “The considerations of societal retribution and general deterrence are not decided on the basis of the unique characteristics of the offender; rather these considerations are decided upon the characteristics of the offense.” 150 Idaho 873, 880, 253 P.3d 310, 317 (2011). This quotation, standing alone, may be interpreted to mean that the characteristics of the offense, not the offender, are the focus of criminal punishment. That is incorrect. It must be emphasized that there are four objectives of criminal punishment: (1) protection of society; (2) deterrence of the individual and the public; (3) the possible rehabilitation of the individual; and (4) retribution for the crime. State v. Jimenez, 160 Idaho 540, 544, 376 P.3d 744, 748 (2016). These four considerations take into account the characteristics and circumstances of the offender in addition to the consideration of the heinous nature of the offense.
Second, the district court abused its discretion because its sentencing decision was not reached through an exercise of reason. The *470 district court gave only nominal consideration to Fisher’s well documented schizophrenia and based its sentencing decision on the protection of society and the nature of the offense. In my view, the district court should have considered the factors discussed in the following four cases: Montgomery v. Louisiana, — U.S. —, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016); Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012); Windom v. State, 162 Idaho 417, 398 P.3d 150, 2017 WL 2928788 (2017); and Johnson v. State, 162 Idaho 213, 395 P.3d 1246 (2017). In Miller v. Alabama the United States Supreme Court declared that the Eighth Amendment forbids sentencing schemes that require mandatory life in prison without the possibility of parole for juvenile offenders. 567 U.S. 460, 478-79, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407, 423-24 (2012). The Court continued, stating that although a court may still sentence a juvenile offender to life in prison without the possibility of parole in homicide cases, it must “take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Id. The Court reasoned as follows:
a sentencer misses too much if he treats every child as an adult. To recap: Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him.... And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it.
Id. at 460, 477-78, 132 S.Ct. at 2455, 2468-69, 183 L.Ed.2d at 407, 422-23 (2012). Montgomery v. Louisiana declared that the holding from Miller was retroactive for juveniles sentenced to mandatory life without the possibility of parole and for juveniles sentenced by a court that did not consider the distinct attributes of youth. — U.S. —, —, —, 136 S.Ct. 718, 734, 736, 193 L.Ed.2d 599, 619-20, 622-23 (2016). In State v. Windom, this Court reviewed the requirements of Miller and Montgomery and held that “[t]he sentencing hearing in Windom’s case did not include evidence of the factors required by Miller and Montgomery, and therefore his sentencing did not comport with the requirements of those decisions.” 162 Idaho 417, 398 P.3d 150, 2017 WL 2928788 (2017). In Johnson v. State, this Court affirmed a district court’s ruling that Johnson’s Eighth Amendment claims under Miller failed. 162 Idaho 213, 228, 395 P.3d 1246, 1259 (2017). This Court noted that the trial court’s “sentencing colloquy was approximately forty-four pages” and made “specific reference to having considered the testimony about Johnson’s youth.” Id. Ultimately, this Court held that the trial court “clearly considered Johnson’s youth and all its attendant characteristics and determined, in light of the heinous nature of the crime, that Johnson, despite her youth, deserved life without parole.” Id.
I recognize that Miller, Montgomery, Windom, and Johnson are not binding precedent because Fisher is an adult and his life sentence was not mandatory, but I am convinced that the reasoning from the aforementioned cases applies also to those suffering from mental disorders such as Fisher. Specifically, sentencing courts must take into account the possibility of rehabilitating offenders suffering from severe mental disorders before sentencing them to a lifetime in prison without the possibility of parole. We do not know whether severe mental disorders will one day be curable by medicine thereby rendering past offenders as good candidates for parole. That is a question best left to a fully informed parole board. In sum, using language from Miller, it was unreasonable to sentence Fisher to life without the possibility of parole before taking into account how those with mental disorders are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.